**MINTZ & GOLD LLP**
Steven G. Mintz (SM 5428)
Terence W. McCormick (TM 2713)
470 Park Avenue South
10th Floor North
New York, N.Y. 10016-6819
Tel: (212) 696-4848
Fax: (212) 696-1231
mintz@mintzandgold.com
mccormick@mintzandgold.com
*Attorneys for Plaintiff*
*VCG Special Opportunities Master Fund Ltd.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
VCG SPECIAL OPPORTUNITIES           :
MASTER FUND LIMITED,                :     **08 CV 01563 (BSJ)**
                                    :
                    Plaintiff,      :
                                    :     **ANSWER TO COUNTERCLAIM**
        - against -                 :
                                    :     **ECF CASE**
CITIBANK, N.A.,                     :
                                    :
                    Defendant.      :
------------------------------------------------------------X

Plaintiff VCG Special Opportunities Master Fund Limited ("Plaintiff"), by and through its undersigned attorneys, Mintz & Gold LLP, as and for its Answer and Affirmative Defenses to Defendant's Counterclaim herein, responds and alleges as follows:

1.   Plaintiff denies the allegations of paragraph 1 of the Counterclaim.

2.   Plaintiff responds that the allegations set forth in the first sentence of paragraph 2 of the Counterclaim constitute a legal conclusion as to which no responsive pleading is required. Plaintiff admits the allegation of the second sentence of paragraph 2 of the Counterclaim.

3.   In response to paragraph 3 of the Counterclaim, Plaintiff admits that it is party to a credit derivative transaction with Wachovia, the rights and obligations of which are defined by

the confirmation letter between the parties and otherwise respectfully refers the Court to the transaction documents between the parties for a complete and accurate description of their contents.

4. Plaintiff admits the allegations of paragraph 4 of the Counterclaim.

5. In response to paragraph 5 of the Counterclaim, Plaintiff admits that it is party to a credit derivative transaction with Wachovia, the rights and obligations of which are defined by the confirmation letter between the parties and otherwise respectfully refers the Court to the transaction documents between the parties for a complete and accurate description of their contents.

6. Plaintiff denies the allegations of paragraph 6 of the Counterclaim.

7. Plaintiff denies the allegations of paragraph 7 of the Counterclaim.

8. Plaintiff denies the allegations of paragraph 8 of the Counterclaim.

9. Plaintiff denies the allegations of paragraph 9 of the Counterclaim.

10. Plaintiff denies the allegations of paragraph 10 of the Counterclaim.

11. Plaintiff denies the allegations of paragraph 11 of the Counterclaim.

12. In response to the allegations set forth in paragraph 12 of the Counterclaims, Plaintiff admits that Citibank has brought a counterclaim, but otherwise denies that it owes any sums to Citibank under the terms of the credit default swap.

13. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Counterclaim.

14. Plaintiff admits the allegations of paragraph 14 of the Counterclaim.

15. Plaintiff admits the allegations of paragraph 15 of the Counterclaim.

16. Plaintiff admits that it is a hedge fund that has entered into two credit default swaps and otherwise denies the allegations of paragraph 16 of the Counterclaim.

17. Plaintiff admits the allegations of paragraph 17 of the Counterclaim.

18. Plaintiff admits the allegations of paragraph 18 of the Counterclaim.

19. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Counterclaim.

20. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Counterclaim.

21. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Counterclaim, except admits that ISDA has supplied generic forms for use in various credit derivative transactions.

22. Plaintiff respectfully refers the Court to the language of the confirmation letter for the credit default swap transaction at issue in this action, and the other transaction documents, for a complete and accurate description of its contents and otherwise denies the allegations of paragraph 22 of the Counterclaim.

23. Plaintiff respectfully refers the Court to the language of the confirmation letter for the credit default swap transaction at issue in this action, and the other transaction documents, for a complete and accurate description of their contents and otherwise denies the allegations of paragraph 23 of the Counterclaim.

24. Plaintiff responds that the allegations of paragraph 24 of the Counterclaim constitute legal conclusions as to which no responsive pleading is required and respectfully refers the Court to the language of the confirmation letter for the credit default swap transaction

at issue in this action, and the other transaction documents, for a complete and accurate description of their contents.

25. Plaintiff denies the allegations of paragraph 25 of the Counterclaim, except admits that the Independent Amount of the credit default swap transaction at issue in this case is $2,000,000.

26. Plaintiff denies the allegations of paragraph 26 of the Counterclaim.

27. Plaintiff denies the allegations of paragraph 27 of the Counterclaim.

28. Plaintiff denies the allegations of paragraph 28 of the Counterclaim.

29. Plaintiff denies having knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the Counterclaim

30. Plaintiff denies the allegations of paragraph 30 of the Counterclaim, except admits that during the second half of 2007, Citibank improperly demanded additional margin.

31. Plaintiff denies the allegations of paragraph 31 of the Counterclaim.

32. Plaintiff denies the allegations of paragraph 32 of the Counterclaim.

33. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Counterclaim.

34. Plaintiff responds that the allegations of paragraph 34 of the Counterclaim constitute legal conclusions as to which no responsive pleading is required and respectfully refers the Court to the confirmation letter for the credit default swap at issue in this action, and the other transactional documents, for a full and complete recitation of their contents.

35. Plaintiff responds that the allegations of paragraph 35 of the Counterclaim constitute legal conclusions as to which no responsive pleading is required and respectfully

refers the Court to the confirmation letter for the credit default swap at issue in this action, and the other transactional documents, for a full and complete recitation of their contents.

36. Plaintiff responds that the allegations of paragraph 36 of the Counterclaim constitute legal conclusions as to which no responsive pleading is required and respectfully refers the Court to the confirmation letter for the credit default swap at issue in this action, and the other transactional documents, for a full and complete recitation of their contents.

37. Plaintiff responds that the allegations of paragraph 37 of the Counterclaim constitute legal conclusions as to which no responsive pleading is required and respectfully refers the Court to the confirmation letter for the credit default swap at issue in this action, and the other transactional documents, for a full and complete recitation of their contents.

38. Plaintiff denies the allegations of paragraph 38 of the Counterclaim.

39. Plaintiff responds that the allegations of paragraph 39 of the Counterclaim constitute legal conclusions as to which no responsive pleading is required and respectfully refers the Court to the confirmation letter for the credit default swap at issue in this action, and the other transactional documents, for a full and complete recitation of their contents.

40. Plaintiff responds that the allegations of paragraph 40 of the Counterclaim constitute legal conclusions as to which no responsive pleading is required and respectfully refers the Court to the confirmation letter for the credit default swap at issue in this action, and the other transactional documents, for a full and complete recitation of their contents.

41. Plaintiff denies the allegations contained in paragraph 41 of the Counterclaim.

42. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Counterclaim.

43. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Counterclaim.

44. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Counterclaim.

45. Plaintiff admits that Citibank transmitted a purported "Floating Amount Event Notice" on or about January 9, 2008, and otherwise denies the allegations of paragraph 45 of the Counterclaim.

46. Plaintiff denies the allegations of paragraph 46 of the Counterclaim.

47. Plaintiff denies the allegations of paragraph 47 of the Counterclaim.

48. Plaintiff admits that Citibank transmitted a purported "Notice of Failure to Pay" on or about January 30, 2008 and otherwise denies the allegations of paragraph 48 of the Counterclaim.

49. Plaintiff responds that paragraph 49 of the Counterclaim constitutes a legal conclusion as to which no responsive pleading is required and otherwise respectfully referss the Court to the ISDA Master Agreement for a complete statement of its contents.

50. Plaintiff admits that Citibank transmitted a purported "Notice of Default and Early Termination," and otherwise denies the allegations of paragraph 50 of the Counterclaim.

51. Plaintiff admits that Citibank transmitted a purported "Notice of Setoff," and otherwise denies the allegations of paragraph 51 of the Counterclaim.

52. Plaintiff denies the allegations of paragraph 52 of the Counterclaim.

53. Plaintiff denies the allegations of paragraph 53 of the Counterclaim.

54. Plaintiff responds that paragraph 54 of the Counterclaim constitutes a legal conclusion as to which no responsive pleading is required, respectfully refers the Court to the

ISDA Master Agreement for a complete statement of its contents and otherwise denies the allegations of paragraph 54 of the Counterclaim.

55. Plaintiff repeats and re-alleges its answers to each of the previous paragraphs of the Counterclaim as if fully set forth herein

56. Plaintiff denies the allegations of paragraph 56 of the Counterclaim.

57. Plaintiff denies the allegations of paragraph 57 of the Counterclaim.

58. Plaintiff denies the allegations of paragraph 58 of the Counterclaim.

59. Plaintiff denies the allegations of paragraph 59 of the Counterclaim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60. The allegations of the Counterclaim, in whole or in part, fail to state a claim for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61. Plaintiff's performance under the swap agreement should be excused on the ground of mistake, namely, that Plaintiff intended only to secure Citibank against an actual credit default on the part of the reference obligation, and not against daily fluctuations in the mark-to-market valuation of the reference obligation.  Plaintiff's mistake was excusable because Citibank did not alert Plaintiff of its intentions to demand the payment of sums other than Floating Payments when the Confirmation Letter was executed, as the result of which it would be unconscionable to require Plaintiff to pay Citibank the notional amount of the reference obligation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62.     The damages, if any, alleged to have been suffered by Citibank are subject to offset by damages Citibank caused to Plaintiff as the result of Citibank's breach of the swap agreement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63.     The damages, if any, alleged to have been suffered by Citibank were caused, in whole or in part, by the intentional conduct, negligent conduct, fault, or other culpable conduct of Citibank or others over whom Citibank exercised control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

64.     To the extent that Citibank was entitled to demand collateral at all, Plaintiff was entitled to suspend its performance upon Citibank's own breach of the swap agreement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

65.     Plaintiff has already paid all monies due and owing under the terms of the swap agreement.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

66.     Citibank has failed to mitigate any damages it has allegedly suffered.

\* \* \* \* \* \*

## **AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

67.     Plaintiff reserves the right to rely on such other additional defenses as may become available or apparent during discovery.

Dated:  New York, New York
        May 20, 2008

### **MINTZ & GOLD LLP**

/s/  Terence W. McCormick
Steven G. Mintz (SM 5428)
Terence W. McCormick (TM 2713)
470 Park Avenue South
10th Floor North
New York, N.Y. 10016-6819
Tel: (212) 696-4848
Fax: (212) 696-1231
mintz@mintzandgold.com
mccormick@mintzandgold.com
*Attorneys for Plaintiff*
*VCG Special Opportunities Master Fund Ltd.*


To:     **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
        Allan J. Arffa, Esq.
        David W. Wang, Esq.
        1285 Avenue of the Americas
        New York, New York  10019-6064
        *Attorneys for Defendant*
        *Citibank, N.A.*